UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE
_____

|  |  |  |
|---|---|---|
| COZY COMFORT COMPANY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. 21-00404 |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____:

## **ORDER**

     Upon reading plaintiff's motion for a postassignment conference to explore court-annexed mediation; defendant's response in opposition thereto; upon consideration of other papers and proceedingshad herein; and upon due deliberation, it is hereby

     ORDERED that plaintiff's motion be, and hereby is, denied.

 

                       _____
                       Timothy M. Reif, Judge

Dated: New York, New York
This day_____of_____, 2022.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

_____

COZY COMFORT COMPANY, LLC,        :
                                    :
             Plaintiff,          :
                                      :      Court No. 21-00404
             v.                :
                                      :
UNITED STATES,                    :
                                      :
             Defendant.     :
_____:

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A POSTASSIGNMENT CONFERENCE TO EXPLORE COURT-ANNEXED MEDIATION

The United States (Government), defendant, hereby responds in opposition to plaintiff's, Cozy Comfort Company, LLC's (Cozy Comfort) motion for a postassignment conference to explore court-annexed mediation.  For the reasons set forth below, Cozy Comfort's motion should be denied.

This action involves the tariff classification of the Comfy®, described as a textile article in the summons, imported by Cozy Comfort in 2019 through the Port of Los Angeles.  *See* ECF 1.  Cozy Comfort claims that the merchandise should be classified under subheading 6301.40.0020 (as a "blanket"), subheading 6307.90.9891 (as a "textile"), or subheading 6114.30.3070 (as a "garment") of the Harmonized Tariff Schedule of the United States (HTSUS).  Compl. ¶¶ 27, 32, and 36, ECF No. 8.  Conversely, the United States maintains that it is properly classified under subheading 6110.30.30, HTSUS, as a "pullover".  *See* Answer ¶ 2, ECF No. 11.  On April 5, 2022, the Court entered a scheduling order, and Cozy Comfort filed the present request for court-annexed mediation.  Plaintiff has not yet served its initial disclosures, and neither party has served discovery requests.  *See* Sched. Order, ECF No. 13.

2

Pursuant to USCIT Rule 16.1, "[a]t any time during the pendency of an action before the United States Court of International Trade, any judge or three-judge panel of thecourt may refer the action for mediation."  "Mediation is a flexible, non-binding dispute resolution procedure in which a neutral third party, the mediator, facilitates negotiations between the parties to assist them with settlement."  Court's Guidelines for Court-AnnexedMediation, at 1.  "A hallmark of mediation is its capacity to help parties expand traditional settlement discussions and broaden resolution options, often going beyond the legal issues in controversy."  *Id*.  Mediation sessions are "structured to help parties communicate, to clarify their understanding of underlying interests and concerns, probe thestrengths and weaknesses of legal positions, explore the consequences of not settling and generate settlement options."  *Id*.

We oppose mediation on two grounds.  First, determining the correct tariff classification of the merchandise involves a mixed-question of law and fact and the parties have not engaged in the factual discovery of the imported merchandise.  Consequently, we lack the necessary facts to properly respond to any arguments advanced by plaintiff during a mediation, and any form of alternative dispute resolution is premature at this point.

The classification of merchandise under the tariff code is governed by the principles set forth in the General Rules of Interpretation (GRIs) and the Additional U.S. Rules of Interpretation.  *See Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998); *BASF Corp. v. United States*, 482 F.3d 1324, 1325-26 (Fed. Cir. 2007).  GRI 1 provides, in relevant part, that "for legal purposes, classification shall be determined according to the terms of the headings and any relative Section or Chapter Notes and, provided such headings or Notes do not otherwise require, according to the {remaining GRIs.}"  GRI 6 extends the principles of GRI 1 to the subheading level.

3

The determination of whether a particular product falls within a tariff classification is a two-step process: first, the meaning of terms within the provision must be ascertained, and second, a determination must be made as to whether the merchandise at issue falls within the description of such terms as properly construed. *See Nat'l Advanced Sys. v. United States*, 26 F.3d 1107, 1109 (Fed. Cir. 1994). "When there is no dispute as to the nature of the merchandise, then the two-step classification analysis 'collapses entirely into a question of law.'" *Link Snacks, Inc. v. United States*, 742 F.3d 962, 965-66 (Fed. Cir. 2014) (quoting *Cummins Inc. v. United States*, 454 F.3d 1361, 1363 (Fed. Cir. 2006)).

Cozy Comfort argues that mediation is appropriate because U.S. Customs and Border Protection (Customs) has purportedly "admitted in an Informed Compliance publication that the subject merchandise is excluded from its chosen classification, there are multiple alternative classifications for the novel subject merchandise, and a third party may assist the parties in mutually agreeing on a classification." Pl.'s Mot. 1, ECF No. 14. Not so. Customs has made no such admission, and the appropriate tariff classification of the merchandise is a disputed question between the parties.

Moreover, should the matter proceed into mediation, the Government would not be in a position to respond to the complexities of the disputed tariff classification because the parties have not completed the period of fact discovery for the merchandise. Without having further facts regarding the merchandise, mediation is premature.

Second, mediation is most effective when it is supported by both parties. In *Midwest-CBK, LLC v. United States*, Consol. Court No. 17-00154, the Court denied plaintiff's motion for court-annexed mediation on the basis that defendant opposed mediation and mediation "is most effective with willing parties." Order 1, ECF No. 46 ("The court will not refer the action to

4

mediation because Defendant opposes Plaintiff's Motion and mediation is a tool that is most effective with willing parties. Therefore, the court denies the Plaintiff's Motion."). Moreover, in *Midwest*, significant discovery had already taken place at the time plaintiff filed its motion for mediation, *see* Def.'s Resp. to Pl.'s Mot. 1, ECF No. 44, whereas here, no discovery has occurred, thereby further undermining the merits of this motion. In this case, the parties recently engaged in settlement discussions, from approximately September 2021 through January 2022, without success. We thoughtfully and carefully considered and rejected all of plaintiff's legal arguments. The posture of the parties, in terms of the facts and legal arguments, is the same now as it was in January 2022, when the parties did not reach a resolution. Moreover, the parties already discussed the possibility of exploring mediation on April 4, 2022, and the Government indicated its opposition for many of the reasons indicated in this opposition. Therefore, mediation at this juncture would not be an efficient use of the parties' and the Court's resources.

Finally, counsel for the Government has informed counsel for plaintiff that, after the parties have completed discovery, the parties could revisit the question of alternative dispute resolution, and consider whether a settlement is achievable given any change in the parties' respective positions. For now, however, Cozy Comfort's request for mediation is premature.

WHEREFORE, the Government respectfully requests that the Court deny Cozy Comfort's motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

5

By:    /s/ Justin R. Miller
JUSTIN R.  MILLER
Attorney-in-Charge

/s/ Brandon A. Kennedy
BRANDON A. KENNEDY
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-9237 or 9230
*Attorneys for Defendant*

Dated: April 26, 2022